IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERESA MCINTOSH, | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:25-CV-1385-K-BK |
| | § | |
| PHH MORTGAGE CORPORATION, | § | |
| DEFENDANT. | § | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was referred to the undersigned United States magistrate judge for pretrial management. Before the Court are *Plaintiff's Motion to Remand*, Doc. 8, and *Defendant PHH Mortgage Corporation's Amended Motion to Dismiss and Brief in Support*, Doc. 11. As detailed here, Plaintiff's Motion for Remand should be **DENIED** and Defendant's Motion to Dismiss should be **GRANTED**.

## I. BACKGROUND AND PROCEDURAL HISTORY

This action arises out of a reverse mortgage loan held by Defendant PHH Mortgage Corporation and secured by a Deed of Trust on property located at 2522 Pebblestone Drive, Garland, Texas 75044 (the "Property"). Doc. 9 at 3. In May 2022, Plaintiff's husband, Gary Little, executed an adjustable rate Note and Deed of Trust against the Property. Doc. 9 at 3. Gary Little subsequently passed away and his will was admitted to probate. Doc. 9 at 3. In June 2023, Spencer Little was appointed Independent Executor of Gary Little's estate. Doc. 9 at 3.

In March 2025, after the loan went into default, Defendant sent notice that a foreclosure sale of the Property was scheduled for May 6, 2025. Doc. 9 at 3. In April 2025, Plaintiff initiated this action in state court seeking to enjoin Defendant from foreclosing on the Property.

Doc. 1-1 at 2-3. In sum, Plaintiff alleges that she is an heir to the Property and that Defendant's foreclosure notice was defective because it failed to comply with the terms of the Deed of Trust and the requirements of the Texas Property Code. Doc. 1-1 at 13-14.

In May 2025, the state court granted a Temporary Restraining Order preventing imminent foreclosure. Doc. 1-1 at 67-68. Thereafter, Defendant timely removed the action to this Court. Doc. 1 at 3-4.

Following removal, Plaintiff filed a Motion to Remand and an Amended Complaint. Doc. 8; Doc. 9. In the Amended Complaint, Plaintiff asserts claims for breach of contract and violations of the Texas Debt Collection Practices Act ("TDCA") based on Defendant's allegedly defective foreclosure notice. Doc. 9 at 4-8. Defendant moves to dismiss the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. Doc. 11. Plaintiff filed a response, Doc. 15, and Defendant has filed a Reply. Doc. 16.

## II. PLAINTIFF'S MOTION TO REMAND

### A. Applicable Law

Federal courts are courts of limited jurisdiction and may only hear cases authorized by the Constitution, federal statute, or treaty. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). A defendant may remove a civil action from state court to federal court if the action originally could have been brought in federal court. 28 U.S.C. § 1441(a). As pertinent here, a federal court has diversity jurisdiction if the amount in controversy exceeds $75,000 and all parties are completely diverse. 28 U.S.C. § 1332.

The removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists and that removal was proper. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Removal statutes are strictly construed in favor of remand

and against removal. *Bosky v. Kroger Tex., LP*, 288 F.3d 208, 211 (5th Cir. 2002).  As such, all "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

### B.  Analysis

Defendant removed this action on the basis of diversity jurisdiction, alleging that the parties are completely diverse, as Plaintiff is a citizen of Texas and Defendant is a citizen of New Jersey, and that the amount in controversy exceeds $75,000.  Doc. 1 at 2-5.  Plaintiff acknowledges that the requirements of diversity jurisdiction are satisfied.  Doc. 8 at 2. Nevertheless, she contends that this Court lacks subject matter jurisdiction over this action under the "probate exception," which limits federal courts' authority over certain matters relating to pending state probate proceedings.  Doc. 8 at 3.

The probate exception is a historical limitation on federal subject matter jurisdiction that bars federal courts from "interfere[ing] with" state probate proceedings. *Breaux v. Dislaver*, 254 F.3d 533, 536 (5th Cir. 2001) (citing *Markham v. Allen*, 326 U.S. 490, 494 (1946).  Although its language appears broad, the Supreme Court has emphasized that the exception is "distinctly limited [in] scope." *Marshall v. Marshall*, 547 U.S. 293, 310 (2006).  While federal courts lack "jurisdiction to probate a will or administer an estate," they are not barred from adjudicating every claim that bears some relationship to a probate proceeding. *Curtis v. Brunsting*, 704 F.3d 406, 409 (5th Cir. 2013) (citing *Markham,* 326 U.S. at 494).

The exception reflects the principle that, "when one court is exercising *in rem* jurisdiction over a *res*, a second court will not assume *in rem* jurisdiction over the same *res*." *Id.* Accordingly, it bars federal courts only from "(1) probating or annulling a will or (2) 'seek[ing] to reach a *res* in custody of the state court' by 'endeavoring to dispose of [such] property.'" *Id.*

3

(citing *Marshall*, 547 U.S. at 312-13).  To determine whether the exception applies, courts conduct a two-step inquiry into: "(1) whether the property in dispute is estate property within the custody of the probate court[,] and (2) whether the plaintiff's claims would require the federal court to assume *in rem* jurisdiction over that property." *Id.*  "If the answer to both inquiries is yes, then the probate exception precludes the court from exercising diversity jurisdiction." *Id.*

Here, Plaintiff's invocation of the probate exception fails at the first step.  As a threshold matter, the probate exception applies only if the dispute involves property "within the custody" of a state probate court.  *Id.*  Under Texas law, whether property is considered "within the custody" of the probate court turns on whether the estate is being administered by a dependent or independent administrator.  *See Moreno v. PHH Mortg. Corp.*, No. 25-CV-658, 2025 WL 2825628, at *2 (W.D. Tex. Oct. 2, 2025) (Pulliam, J.) (noting that the distinction between an independent and dependent administration determines whether property is within the probate court's custody).

A dependent administrator "can perform only a limited number of transactions" without the probate court's approval and must regularly report to the court.  *Eastland v. Eastland*, 273 S.W.3d 815, 821 (Tex. App.—Houston [14th Dist.] 2008, no pet.).  By contrast, independent executors can act without court approval.  *Id.* (citation omitted); *see also* Tex. Est. Code § 402.002.  The Texas Estate Code provides that once an "independent administration has been created" and an independent executor appointed, "further action of any nature *may not be had* in the probate court except where [the Estate Code] specifically and explicitly provides for some action in the court."  Tex. Est. Code § 402.001 (emphasis added).  In other words, "the appointment of an independent executor withdraws the estate from the supervision and control of the probate court, . . . and so long as it remains in the hands and control of the executor, the

probate court has no jurisdiction to approve a claim against the estate." *Rowland v. Moore*, 174 S.W.2d 248, 250 (Tex. 1943) (citing Tex. Rev. Civ. Stat. Ann. Art. 3436, now codified as Tex. Est. Code Ann. § 402.001, *et seq.*).

Here, Plaintiff concedes that the probate court's order authorizing letters testamentary, Doc. 9-4, explicitly appointed Spencer Little as the "Independent Executor of the Will and Estate" of Gary Little. Doc. 9 at 3 (citing Doc. 9-4 at 2). Two days after appointing Spencer Little as the estate's independent executor, the probate court also approved the inventory, appraisement, and list of claims filed by the independent administration. *See* Doc. 13-2 at 2. After appointing an independent administrator, and upon the filing and approval of the inventory, appraisement, and list of claims, the probate court no longer retained jurisdiction over the subject property or to approve a claim against the estate. *Rowland*, 174 S.W.2d at 250. Therefore, "further action of any nature may not be had in the probate court," unless a portion of the Texas Estates Code "specifically and explicitly" applies to allow for probate control over the independent administration of the estate or the estate no longer remains in the hands and control of the independent executor. *Id*; Tex. Est. Code § 402.001.

Plaintiff has not pointed to any portion of the Texas Estates Code that would "specifically and explicitly" allow the court to resume control over the estate, nor has she argued that the estate no longer remains in the hands and control of the Independent Executor Spencer Little. Doc. 8 at 5-6. Consequently, the property at issue is not "within the custody" of the probate court, and the probate exception does not apply. *See, e.g., Moreno,* 2025 WL 2825628, at *2 (holding that once an independent administrator was appointed and the inventory filed, the probate court no longer had jurisdiction over the property, obviating the application of the probate exception); *U.S. Bank v. Venissa Ford*, No. 4:22-CV-3499, 2024 WL 499642, at *5

(S.D. Tex. Jan 5, 2024) (Ho, J.) (concluding that the first requirement for the probate exception was not met because the estate was independently administered and, therefore, the probate court did not control the property), adopted by 2024 WL 495270, at *1 (S.D. Tex. Feb. 7, 2024) (Bennett, J.).

Because the requirements of diversity jurisdiction are satisfied and Plaintiff has not identified any exception that would divest the Court of jurisdiction, the court may properly exercise subject matter jurisdiction over this action under 28 U.S.C. § 1332. Therefore, Plaintiff's Motion to Remand, Doc. 8, should be denied.

### III. DEFENDANT'S MOTION TO DISMISS

#### A. Applicable Law

A plaintiff fails to state a claim for relief under Rule 12(b)(6), when a complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To overcome a Rule 12(b)(6) motion, a plaintiff's complaint "must contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (quotation omitted). Moreover, the complaint should not simply contain conclusory allegations, but must be pled with a certain level of factual specificity. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). While a court must accept the complaint's factual allegations as true, it is not bound to accept as true "a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

In ruling on a Rule 12(b)(6) motion, a court may rely on the complaint, documents properly attached to the complaint or incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011).

### B. Analysis

Plaintiff's breach of contract and TDCA claims arise from Defendant's alleged failure to comply with the statutory notice requirements governing nonjudicial foreclosures. Doc. 9 at 4-8. Specifically, Plaintiff contends that Defendant improperly sent the foreclosure notice to the Property rather than to the estate's Independent Executor and failed to include the name and address of the trustee or substitute trustee, as required by Sections 51.002 and 51.0075(e) of the Texas Property Code. Doc. 9 at 4-5. Plaintiff contends that these deficiencies constitute a breach of the Deed of Trust agreement and violations of the TDCA's prohibitions against deceptive, misleading, and unlawful debt-collection practices. Doc. 9 at 4-8.

The Texas Property Code governs nonjudicial foreclosure proceedings and requires that certain foreclosure notices be provided to "debtors" in default. *See* TEX. PROP. CODE §§ 51.002(b)(3), (d), (e), (i). The TDCA likewise provides certain protections for "consumers," or individuals who have a consumer debt. *See* TEX. FIN. CODE § 392.001(1).

Defendant argues that Plaintiff lacks standing to assert her breach of contract and TDCA claims because she is not a party to the loan documents and has not alleged facts establishing contractual privity. Doc. 11 at 7, 11. Because Plaintiff is neither a signatory nor third-party beneficiary, Defendant contends that she is not a "Borrower" under the Deed of Trust or a "debtor" for purposes of the Texas Property Code and therefore was not entitled to receive the allegedly defective notices. Doc. 11 at 8, 11-12.

Under Texas law, "the benefits and burdens of a contract belong solely to the contracting parties," and generally, only a party of someone in privity with a contract may sue to enforce it. *First Bank v. Brumitt*, 519 S.W.3d 95, 102 (Tex. 2017). This principle, known as contractual standing, has frequently been applied in the foreclosure context. *Oliver v. PennyMac Loan Services, LLC*, No. 3:23-CV-137, 2024 WL 1016121, at *2 (N.D. Tex. Feb. 21, 2024) (Toliver, J.), *rep. & rec. adopted*, 2024 WL 1018527 (N.D. Tex. Mar. 7, 2024) (collecting cases). Accordingly, the general rule is that "only the mortgagor or a party who is in privity with the mortgagor has standing to contest the validity of a foreclosure sale pursuant to the mortgagor's deed of trust." *Goswami v. Metro. Sav. & Loan Ass'n*, 751 S.W.2d 487, 489 (Tex.1988).

Plaintiff acknowledges that her deceased husband, Gary Little, was the mortgagor under the Deed of Trust securing the reverse mortgage loan on the Property. Doc. 9 at 3. The Deed of Trust, which she attaches to her Amended Complaint, identifies the "Borrower" as "Gary Little, an unmarried man," and bears only his signature. Doc. 9-2 at 1, 13.

Although not a party to the Deed of Trust, Plaintiff argues that she nevertheless has standing to challenge the allegedly defective foreclosure notices on two grounds. First, she contends that because the debt was incurred during her marriage to Gary Little, it is presumed to be community debt. Doc. 15 at 10-11. Alternatively, she argues that, as a devisee under Gary Little's will, she holds an equitable interest in the property sufficient to challenge the foreclosure. Doc. 15 at 10.

In support of her first argument, Plaintiff relies on the Texas Family Code which provides that "[p]roperty possessed by either spouse during . . . marriage is presumed to be community property." Doc. 15 at 10 (citing Tex. Fam. Code § 3.003). She contends that, because the Property was purchased during her marriage to Gary Little, it constitutes community property,

and the Deed of Trust and Note—executed during their marriage and secured by the Property—are therefore presumed to be community debt. Doc. 15 at 10. Based on this theory, Plaintiff asserts that she shares contractual privity with her deceased husband and thus has standing to challenge Defendant's alleged breaches. Doc. 15 at 11.

Plaintiff does not identify any authority applying the community property theory to confer standing on a non-signatory spouse, and the Court is aware of none. Plaintiff relies on *Kiper v. BAC Home Loans Servicing, LP* ("*Kiper I*"), asserting that it allowed a husband to challenge the foreclosure of his home under the community property presumption, even though his wife was the sole borrower and signatory to the deed of trust. 884 F. Supp.2d 561, 576 (S.D. Tex. 2012), *aff'd sub nom. Kiper v. BAC Home Loans Servicing, L.P.*, 534 F. App'x 266 (5th Cir. 2013). But a review of *Kiper I* reveals the opposite: the court dismissed the husband's claim, holding that he *lacked* standing because he was not in contractual privity with his wife, the actual borrower and signer. *Id.* at 576-77; *see also Kiper v. BAC Home Loans Servicing, LP*, No. 4:11-CV-3008, 2012 WL 5456105, at *1-2 (S.D. Tex. Nov. 6, 2012) (Harmon, J.) ("*Kiper II*") (reiterating that *Kiper I* dismissed the complaint on "grounds that [plaintiff] lacked standing and, even if he had standing, for failure to state a claim.").

Although *Kiper I* did not squarely address whether the plaintiff could qualify as a debtor under a community property theory, both the United States Court of Appeals for the Fifth Circuit and Texas courts have made clear that non-signatory spouse is not a "borrower" or "debtor" entitled to notice under the Texas Property Code.[1] *See Robinson v. Wells Fargo Bank, N.A.*, 576

---

[1] Although Plaintiff cites other authorities for the general proposition that a party with an ownership interest may challenge a foreclosure to protect that interest, the interests recognized in those cases differ materially from the interest asserted here. *See Goswami,* 751 S.W.2d 487, 489 (Tex. 1988) (plaintiff who signed a lease/option to buy the property prior to the sale had standing to challenge foreclosure); *Reeves v. Wells Fargo Home Mortg.*, 544 F. App'x 564, 568 (5th Cir.

F. App'x 358, 361 (5th Cir. 2014) (stating that spouse who signed only deed of trust was not "a *debtor* in default" under the Texas Property Code) (emphasis in original); *Cuauhtli v. Chase Home Fin. LLC,* 252 F. App'x 690, 692 (5th Cir. 2007) (rejecting argument that spouse was entitled to foreclosure notices based on community-property ownership because "[t]here is no requirement that personal notice be given to persons who were not parties to the deed of trust"); (*Larsen v. OneWest Bank, FSB*, No. 14-14-00485-CV, 2015 WL 6768722, at *12 (Tex. App. Nov. 5, 2015) (holding that spouse who signed the deed of trust, but not the note was not a borrower or debtor under a reverse mortgage loan).  Courts have similarly concluded that that non-signatory spouses lack a personal obligation to pay the debt and therefore do not qualify as "consumers" for purposes of the TDCA.  *See Darlington v. Specialized Loan Servicing*, No. 1:18-CV-674, 2019 WL 4999006, at *5 (W.D. Tex. July 30, 2019) (Lane, J.), *rep. & rec. adopted*, 2019 WL 11541361 (W.D. Tex. Aug. 22, 2019) (spouse who signed deed of trust but not note did not meet TDCA's definition of consumer).

Because Plaintiff is not a signatory to the Note or Deed of Trust, she is neither a "debtor" within the meaning of the Texas Property Code nor a "consumer" under the TDCA.  *Robinson,* 576 F. App'x at 361.  As such, she was not entitled to receive the foreclosure notices due to her status as a non-signatory spouse.

Plaintiff's status as a devisee under Gary Little's will similarly does not confer standing.  Plaintiff relies on a provision of the Deed of Trust which states that "upon the death of the last surviving Borrower, the Borrower's successors and assigns will be bound to perform Borrower's

---

2013) (plaintiff who acquired interest in property via quit-claim deed and made payments on the note prior to the sale had standing to challenge foreclosure); *American Savings & Loan Assoc. v. Musick*, 531 S.W.2d 581, 586 (Tex. 1976) (intended beneficiary of oral agreement that granted an interest in the property had standing to challenge sale).

obligations under this Security Instrument." Doc. 9-2 at 8. She argues that, as the sole devisee of the Property, she qualifies as a successor in interest and is therefore bound by the agreement and entitled to notice. Doc. 15 at 5.

However, Plaintiff does not allege that the estate has conveyed the property to her or that she has otherwise assumed the borrower's obligations. On the contrary, she acknowledges that the Property remains in Mr. Little's name, and that the Independent Executor has not transferred the title. *See* Doc. 14 at 8. Under Texas law, although a devisee acquires a vested interest at the testator's death, the estate property remains "subject to administration" and "[t]he administrator of the estate holds legal title and a superior right to possess estate property and to dispose of it as necessary to pay the debts of the estate." *Meekins v. Wisnoski,* 404 S.W.3d 690, 698 (Tex. App.—Houston [14th Dist.], no pet.). Plaintiff therefore has not shown that she succeeded to the borrower's obligations under the loan.

Moreover, even if Plaintiff is considered a successor, neither the Deed of Trust nor Texas law entitle her to notice. The agreement requires only that "Lender shall give notice of sale to Borrower," and it separately defines "Borrower" to exclude "the Borrower's successors and assigns." Doc. 9-2 at 4, 13. Texas law likewise requires notice only to "the parties named on the requisite documents as the debtors, and not to other parties, known or *unknown*." *Rodriguez v. Ocwen Loan Servicing, LLC,* 306 F. App'x 854, 856 (5th Cir. 2009) (emphasis in original) (citing *Casstevens v. Smith,* 269 S.W.3d 222, 229 (Tex. App.—Texarkana 2008, no pet.); *see also* TEX. PROP. CODE § 51.002(b)(3). Accordingly, lenders are not required to investigate potential heirs before conducting a foreclosure sale. *Cole v. Select Portfolio Servicing., Inc.*, No. , 2020 WL 7658091, at *4 (N.D. Tex. Oct. 13, 2020) (Horan, J.) (citing *Morgan v. Chase Home Fin., LLC*, 306 F. App'x 49, 55 (5th Cir. 2008)). Thus, even assuming Plaintiff is a "successor"

to the agreement, she is not entitled to notice either under the agreement's terms or under Texas law.  *See, e.g.*, *Cole,* 2020 WL 7658019, at *4 (legal heir who was awarded interest in property was not entitled to notice of default under Texas Property Code); *Cruz v. Compu-Link Corp.*, No. 2:22-CV-243, 2023 WL 4543584, at *5 (S.D. Tex. May 9, 2023) (Morales, J.) (holding that borrower's heir who resided at the property lacked standing to sue for breach of loan agreement); *Oliver,* 2024 WL 1016121, at *2 (holding that borrower's heir was not entitled to receive notices under the terms of the loan documents or under Texas law, and thus lacked standing to bring breach of contract claim).

Because Plaintiff is neither a party to the loan documents nor otherwise entitled to notice, she lacks standing to challenge the foreclosure notices.  Accordingly, her breach of contract and TDCA claims arising from these alleged defects should be dismissed.

## IV.  LEAVE TO AMEND

Ordinarily, *pro se* litigants should be afforded an opportunity to amend their complaint before dismissal.  *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009) (citation omitted). However, leave to amend is not required if the plaintiff has already pleaded their "best case." *Id.* Plaintiff has already amended her Complaint and she has not requested an additional opportunity to amend.  Indeed, in response to Defendant's motion, Plaintiff, who is represented by able counsel, contends only that her claims are not subject to dismissal.  *See* Doc. 15, *passim*. Therefore, it appears Plaintiff has presented her best case at this point.  *See, e.g.*, *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999) (per curiam) (holding that dismissal of even a *pro se* case with prejudice is appropriate if the court determines that the plaintiff has alleged his best case).  Further, as outlined above, Plaintiff's claims suffer from deficiencies that are not curable by

amendment.[2]  Because Plaintiff lacks standing to assert any of her claims, the Court concludes that

allowing amendment would be futile and would result in needless delay.

## V.  CONCLUSION

For the foregoing reasons, *Plaintiff's Motion to Remand*, Doc. 8, should be **DENIED**,

and *Defendant PHH Mortgage Corporation's Amended Motion to Dismiss*, Doc. 11, should be

**GRANTED** and Plaintiff's Complaint should be **DISMISSED WITH PREJUDICE**.  And as

no claims will remain pending, the Clerk of Court should be directed to close the case.

**SO RECOMMENDED** on March 8, 2026

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

---

[2] Nevertheless, the 14-day objection period attendant to this report and r3ecommendation will allow Plaintiff the opportunity to proffer facts, if any, that can establish her standing to assert the claims she has alleged in this cause of action.