IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TERESA MCINTOSH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civ. Action No. 3:25-CV-1385-K-BK |
| | § | |
| PHH MORTGAGE | § | |
| CORPORATION, | § | |
| | § | |
| Defendant. | § | |

## ORDER ACCEPTING FINDINGS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

The Findings, Conclusions, and Recommendation (the "FCR") of the United States Magistrate Judge was entered March 8, 2026 (Doc. No. 19).  In the FCR, the Magistrate Judge addressed Plaintiff's Motion to Remand (Doc. No. 8) and Defendant's Amended Motion to Dismiss (Doc. No. 11) and recommended this Court deny Plaintiff's Motion to Remand and grant Defendant's Amended Motion to Dismiss and dismiss Plaintiff's Complaint with prejudice.  *See generally* Doc. No 19.  Plaintiff filed her Objection to the Findings, Conclusions, and Recommendation of United States Magistrate Judge (the "Objection") (Doc. No. 21).  Plaintiff objects to the FCR solely on the basis that, because "[s]tanding is a jurisdictional issue," dismissal of her claims should be without prejudice, not with prejudice as the Magistrate Judge recommends.  Doc. No. 21 at 2. Defendant filed its Response in Opposition to Plaintiff's Objection (the "Response") (Doc. No. 24).  Thereafter, Plaintiff filed an

unsolicited Reply to Defendant's Response (the "Reply") (Doc. No. 25).

The Court has reviewed the parties' respective briefing, the FCR, the relevant portions of the record, and the applicable law.  The Court made a *de novo* review of those portions of the FCR to which objections were made.  *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b); *United States v. Wilson*, 864 F.2d 1219, 1222 (5th Cir. 1989).  The Court reviewed the other portions of the FCR for plain error.  *See Wilson*, 864 F.2d at 1221 (the district court appropriately "appl[ies] the 'clearly erroneous, abuse of discretion and contrary to law' standard of review" only  to those portions of magistrate's ruling for which there are no objections.).

The Court carefully considered the Objection, Response, Reply, the relevant portions of the FCR, and the applicable law. The Magistrate Judge found that Plaintiff lacks contractual standing to bring these claims against Defendant and, therefore, recommends dismissal of Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6).  Doc. No. 19 at 7-12.  Concluding that "Plaintiff's claims suffer from deficiencies that are not curable by amendment," the Magistrate Judge further recommends this Court dismiss Plaintiff's Complaint with prejudice.  *Id.* at 12-13. Contractual standing, which is a party's contractual right to assert a claim, does not involve any jurisdictional inquiry but is in fact "part of the inquiry into the merits of [that] particular claim." *Maxim Crane Works, L.P. v. Zurich Am. Ins. Co.*, 11 F.4th 345, 350 (5th Cir. 2021); *but see Denning v. Bond Pharmacy, Inc.*, 50 F.4th 445, 452 (5th Cir. 2022 (confirming that dismissal of a complaint "for lack of jurisdiction, including lack

of [Article III] standing, [] should be without prejudice.") (internal quotation and citation omitted).  Despite Plaintiff's conclusory assertion to the contrary, the case law is crystal clear on this point—"[c]ontractual standing is distinct from Article III standing and does not implicate subject-matter jurisdiction."  *Maxim Crane*, 11 F.4th at 351.  On this record, dismissal of Plaintiff's Complaint for lack of contractual standing is an adjudication on the merits of her claims made pursuant to Rule 12(b)(6).  *See id.*  Moreover, because any amendment would be futile, the Court concludes dismissal of Plaintiff's Complaint with prejudice is appropriate.  Having conducted a *de novo* review, the Court **OVERRULES** Plaintiff's Objection.

The Court further finds the Magistrate Judge's FCR is otherwise correct.  Accordingly, the Court **accepts** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge (Doc. No. 19).  Plaintiff's Motion to Remand (Doc. No. 8) is **DENIED** and Defendant's Amended Motion to Dismiss (Doc. No. 11) is **GRANTED**.  Plaintiff's claims are **DISMISSED with prejudice**.

**SO ORDERED.**

Signed March **30**th, 2026.

_Ed Kinkeade_____

ED KINKEADE
UNITED STATES DISTRICT JUDGE